UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOYLE R. HAM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1527 (ESH) |
| | ) | |
| METROPOLITAN POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff brought this *pro se* case alleging Title VII failure to hire and D.C. Whistleblower Protection Act claims against the Metropolitan Police Department ("MPD"), Mayor Vincent Gray, and MPD Chief Cathy Lanier. (Complaint, Oct. 2, 2013 [Dkt. No. 1].) On December 19, 2013, the Court substituted the District of Columbia as a defendant, dismissed claims as to all other defendants, dismissed the Whistleblower Protection Act claim, and gave plaintiff three weeks to file an opposition to defendant's motion for summary judgment on the Title VII claim. (Order, Dec. 19, 2013 [Dkt. No. 9] at 4.) At that time, the Court deferred ruling on plaintiff's Title VII claims even though it appeared "the District of Columbia is entitled to summary judgment on the ground that plaintiff failed to file his complaint with the EEOC within the applicable statutory time limit." (*Id.* at 2.) Instead, the Court provided plaintiff an opportunity to rebut the evidence presented by defendant. (*Id.* at 3-4.)

In his response, plaintiff argues that his claim before the EEOC was timely because the statute of limitations under 42 U.S.C.A. § 2000e-5(e)(1) started running when he received a letter

denying his *third* appeal to MPD on July 17, 2009 – not when he received a letter denying his *second* appeal to MPD on March 11, 2009. (Pl.'s Opp'n to Mot. for Summ. J., Jan. 9, 2014 [Dkt. No. 10] at 1.) Even considering the evidence in the light most favorable to plaintiff, the Court must reject his theory. The July 17, 2009 letter on which plaintiff relies indicated that plaintiff's *first* appeal had been denied May 28, 2008, and that, because that appeal "was previously considered and denied," he had "no further appeal rights with respect to the matter." (*Id.* Att. 2A.) Thus, the MPD denied plaintiff's appeal as "moot." (*Id.*) Plaintiff cannot extend the EEOC filing deadline through repeated appeals to MPD in contravention of its internal hiring review processes. And because MPD did not address the merits of his *third* appeal in the July 17, 2009 letter, plaintiff's receipt of that letter did not constitute an unlawful employment practice that served to restart the statute of limitations under § 2000e-5(e)(1). Instead, plaintiff's 300-day limitations period ran at latest March 11, 2009 to January 5, 2010. Because plaintiff did not file his action with the EEOC until January 22, 2010, and he provides no basis for equitable tolling of the limitations period, plaintiff's Title VII claim fails for failure to exhaust administrative remedies. *See Bowers v. Dist. of Columbia*, 883 F. Supp. 2d 1, 7 (D.D.C. 2011).

\* \* \* \* \*

For these foregoing reasons, the Court will grant defendant's motion for summary judgment [Dkt. No. 4] as to plaintiff's Title VII claim. An Order consistent with this Memorandum Opinion will also be issued on this date.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: January 10, 2014